Laila Thompson, Esq. (SBN: 225882)
laila@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:  (619) 233-7770
Facsimile:   (619) 297-1022

Attorneys for SAMIR A. ARAFEH and NADA R. ARAFEH

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| SAMIR A. ARAFEH and NADA R. ARAFEH<br><br>Plaintiffs,<br><br>v.<br><br>LAW OFFICES OF STEVEN K. ALEXANDER and HEALTHCARE RECOVERY SOLUTIONS | Case No: _____<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |
|---|---|

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. SAMIR A. ARAFEH and NADA R. ARAFEH, (Plaintiffs), through Plaintiffs' attorneys, bring this action to challenge the actions of LAW OFFICES OF STEVEN K. ALEXANDER and HEALTHCARE RECOVERY SOLUTIONS, ("Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damage.

4. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

///

**Jurisdiction and Venue**

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Plaintiffs are a natural persons who resides in the City of Los Angeles, County of Los Angeles, State of California.

11. Plaintiffs reside in Los Angeles County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

12. At the time of the substantial part of the events or omissions giving rise to the claim occurred, specifically, Plaintiffs received a letter and Complaint for Superior Court of California County of Los Angeles Case Number 14N05866 ("Complaint") from Defendants at their residence, Plaintiffs engaged in a telephone conversation with Defendant HEALTHCARE RECOVERY SOLUTIONS ("HRS"), Plaintiffs were physically located in the City of Los Angeles, County of Los Angeles, State of California.

13. Because a substantial part of the events or omissions giving rise to the claim occurred in Los Angeles County, venue is proper pursuant to 28 U.S.C. § 1391b(2).

14. At all times relevant, Defendants conducted business within the State of California.

**PARTIES**

15. Plaintiffs are natural persons who reside in the City of Los Angeles, State of California.

//
//

16. Defendant, LAW OFFICES OF STEVEN K. ALEXANDER ("ALEXANDER") is located in the City of Torrance, in the State of California.

17. Defendant, HRS is located in the City of Irvine, in the State of California.

18. Plaintiffs are obligated or allegedly obligated to pay a debt, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

19. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

20. Plaintiffs are natural persons from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs, and are "debtors" as that term is defined by California Civil Code § 1788.2(h).

21. Defendants, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

22. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

23. Sometime before March 3, 2014, Plaintiffs are alleged to have several financial obligations for medical services provided at different times between May 16, 2009 through November 13, 2012.

//

24. These financial obligations were primarily for personal, family or household purposes and are therefore each a "debt" as that term is defined by 15 U.S.C. §1692a(5).

25. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore each a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

26. Sometime thereafter, but before March 3, 2014, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debts.  As it is irrelevant to this action, Plaintiffs currently take no position as to the validity of these alleged debts.

27. Subsequently, but before March 3, 2014, the alleged debts were assigned, placed, or otherwise transferred, to Defendants for collection.

### LETTER FROM DEFENDANTS

28. On or about March 3, 2014, Defendants mailed a dunning letter to Plaintiffs. A few days later, Plaintiffs received that letter.

29. This communication to Plaintiffs was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

30. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

31. The letter ALEXANDER mailed to Plaintiffs, at the instruction of HRS, was void of any statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

32. Defendants failed within five days after its initial communication with Plaintiffs, to provide written notification containing a statement that unless Plaintiffs, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendants would assume the debt was valid, or failed within five days after its initial communication with Plaintiffs to provide a written notice containing a statement that if Plaintiffs notified Defendants in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendants would obtain verification of the debt or a copy of a judgment against Plaintiffs and a copy of such verification or judgment would be mailed to Plaintiffs by Defendants and that Defendants would provide Plaintiffs with the name and address of the original creditor. This omission by Defendants violated 15 U.S.C. § 1692g.

33. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

34. Moreover, in the letter, Defendants used scare tactics, misleading and deceptive means by stating that "unless a full settlement is reached you will be required to respond to the action accompanying this letter as provided by law."

35. Plaintiff is not required to respond to the Complaint as suggested by ALEXANDER. Therefore, this statement is false and misleading and intended to, and did in fact, harass and intimidate Plaintiffs.

36. These scare tactics caused Plaintiffs great stress, anxiety and fear.

37. Through this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(5) and 15 U.S.C. § 1692e(10).

38. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

## COMPLAINT

39. On February 25, 2014, Defendants filed a single Complaint against Plaintiffs for Common Counts, alleging damages in the amount of $3,544.25, including all medical bills ranging from May 16, 2009, through November 13, 2012.

40. Of that amount $1,987.00 was incurred and defaulted more than four years prior to the filing of the Complaint by Defendants.[1] Specifically, the defaults occurred between May 16, 2009 through November 7, 2009, and, as such, are barred by the Statute of Limitations pursuant to the Cal. Civ. Proc. § 337.

41. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

42. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

---

[1] With respect to the debts barred by the Statute of Limitations, the services were provided and defaults occurred as follows:

1. May 16, 2009: $50.00

2. September 12, 2009: $365.00

3. July 16, 2009: $475.00

4. November 7, 2009: $382.00

5. December 7, 2009: $552.00

6. December 29, 2009: $163.00

**TELEPHONE CONVERSATION WITH HRS**

43. On or about March 2014, Plaintiff, Samir Arafeh, called HRS to inquire about the alleged debt and inform HRS that a substantial amount of HRS's claims are well passed the statute of limitations, but were included in the Complaint.

44. During the conversation HRS's employee, Vic, told Plaintiff that if he did not pay the full amount of the alleged debt, HRS would garnish his wages and place a lien on his house and cars.

45. HRS failed to inform Plaintiff that it cannot garnish Plaintiffs' wages or place a lien on Plaintiffs' house and cars, unless HRS obtains a judgment.

46. HRS used scare tactics, misleading and deceptive means by stating that it was going to garnish Plaintiff's wages and place liens on his house and cars.

47. These scare tactics caused Plaintiffs great stress, anxiety and fear.

48. Through this conduct, HRS used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer.  Consequently, HRS violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(5) and 15 U.S.C. § 1692e(10).

49. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

**CAUSES OF ACTION**

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**15 U.S.C. §§ 1692 ET SEQ.**

50. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

51. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

52. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II
## Rosenthal Fair Debt Collection Practices Act (Rosenthal Act)
### Cal. Civ. Code §§ 1788-1788.32

53. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.
54. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32
55. As a result of each and every violation of the Rosenthal Act, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants, and Plaintiffs be awarded damages from Defendants, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

1 • An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

56. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Respectfully submitted,

**HYDE & SWIGART**

Date: May 6, 2014                    By: s/Laila Thompson
                                          Laila Thompson
                                          Attorneys for Plaintiffs